In the GUARDIANSHIP OF L.A. MOON, An Incapacitated Person.

No. 06–05–00128–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 5, 2006.

Decided Feb. 6, 2007.

Rehearing Overruled March 20, 2007.

---

Lana Johnson–Johnston, Tyler, for appellant.

Phillip B. Baldwin, Phillip B. Baldwin, Jr., PC, Marshall, for appellee.

Before MORRISS, C.J., CARTER and

CORNELIUS,* JJ.

OPINION

Opinion by Justice CARTER.

Kenneth Moon originally filed an action to be appointed the guardian of L.A. Moon and for other relief. L.A. Moon counterclaimed alleging Kenneth had wrongfully converted rents from houses owned by L.A. Moon and had improperly received some of L.A. Moon's funds. L.A. Moon also requested injunctive relief, an accounting, and alleged certain bank accounts were solely owned by him even though Kenneth was shown as a co-owner by the bank. Ultimately, Jean Taylor was appointed as guardian of the person and estate of L.A. Moon.

Taylor filed a motion to determine the ownership of the two bank accounts that were held in the names of L.A. Moon and Kenneth Moon. Kenneth then filed a cross-claim against Taylor seeking a declaratory judgment regarding the ownership of the two bank accounts. A jury trial was conducted regarding the ownership of the two accounts, and the jury found that all funds were contributed to the bank accounts by L.A. Moon. The trial court entered a judgment finding both accounts were owned by L.A. Moon and directing the bank to tender the funds to L.A. Moon's guardian. On appeal, Kenneth complains (in his sole point of error) that the trial court did not decide all of the issues before it, and he also complains because the trial court assessed costs against him.

■ We initially point out that this point of error, which addresses more than one specific ground of error, is multifarious. *Bell v. Tex. Dep't of Crim. Justice–Institutional Div.*, 962 S.W.2d 156, 157 n. 1 (Tex.App.-Houston [14th Dist.] 1998, pet.

denied); *City of San Antonio v. Rodriguez*, 856 S.W.2d 552, 555 n. 2 (Tex.App.-San Antonio 1993, writ denied). When a court concludes that a point of error is multifarious, it may refuse to review it, or it may consider the point of error if it can determine with reasonable certainty the error about which the complaint is made. *Bell*, 962 S.W.2d at 157 n. 1.

In this instance, so far as we can fairly do so, we choose to address the issues raised.

**I. Finality of the Order**

Kenneth and Taylor take diametrically different positions about the procedural posture of this case. Kenneth argues that not only is the judgment final, but that a number of other claims (unspecified by Kenneth) are also therefore final. Taylor argues that the judgment is interlocutory and not yet ripe for appeal because the trial court intended to have separate trials for some causes and announced its intention, but failed to enter a separate trial order.

■ As a general rule, a party may appeal only from a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). This Court has jurisdiction over appeals from final decisions of trial courts and from interlocutory orders as provided by statute. *Id.; see* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.2006).

■ This judgment was on a jury verdict. A judgment rendered after a conventional trial on the merits that is not intrinsically interlocutory in nature, where no order for severance has been entered, will be presumed to dispose of all parties and all issues. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966);

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

*Archer Daniels Midland Co. v. Bohall,* 114 S.W.3d 42, 45 (Tex.App.-Eastland 2003, no pet.).

The Texas Supreme Court recently revisited these concepts in a pair of opinions. In *John v. Marshall Health Servs., Inc.,* 58 S.W.3d 738, 740 (Tex.2001), and *Moritz v. Preiss,* 121 S.W.3d 715, 719 (Tex.2003), the court reaffirmed the finality presumption for judgments rendered after a full trial on the merits, but not mentioning particular parties. In *John,* the court specifically found that there was nothing to indicate the trial court did not intend the judgment to finally dispose of the entire case. *John,* 58 S.W.3d at 740. The court discussed several factors that demonstrated the trial court intended to dispose of the entire case, including the failure of any party to move for separate trials, proceeding to trial against certain defendants only, and failing to move for an agreed judgment or a dismissal of his claims against the other defendants.

In *Moritz,* as in *John,* the court recognized that there was nothing to indicate the trial court did not intend to finally dispose of the entire case. The party did not request, and the trial court did not enter, any orders for a separate trial against a remaining party, did not submit the other party's liability to the jury, and did not object to the charge submitted. Therefore, the court concluded, the finality presumption was "entirely appropriate" and the judgment was final. *Moritz,* 121 S.W.3d at 719.

■ In this case, the trial court did not mean to fully dispose of the entire case. A motion was filed by Taylor to conduct a separate trial of the issue of the ownership of the two bank accounts from other issues in the case, such as conversion and accounting. Alternatively, Taylor requested the causes of action be severed. The trial court stated on the record that it was granting that motion and limiting the trial to the specific issue of the ownership of particular bank accounts-and that was the fashion in which the trial went forward. A formal order for separate trials was prepared and filed, but was never signed. Further, the trial court's judgment, entered after the jury's verdict, concluded with the sentence, "All relief not expressly granted *on these issues* herein is **DE-NIED.**" The words "on these issues" were handwritten into the otherwise typewritten judgment.

Based on the fact that a motion for a separate trial or severance on the ownership of the bank accounts was filed, the trial court specifically stated in open court that the jury trial was limited to those issues, a form was provided (but not signed) to authorize separate trials, and the language in the judgment limiting relief to "these issues," the record clearly demonstrates that the trial court did not intend for this judgment to finally dispose of all issues in the case. Therefore, we cannot say, as in *John* and *Moritz,* that it is "entirely appropriate" to find that all issues were presumptively disposed of by the judgment following the jury's verdict. Thus, we necessarily conclude that the judgment rendered following the jury trial disposed only of the matters decided by the jury and that the judgment entered was, at that point in time, interlocutory.

We also recognize that some unique rules regarding judgment finality apply to matters governed by the Texas Probate Code. *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006). However, the application of those rules will not be analyzed because another feature of this case leads us to conclude that the order is final and appealable. Specifically, in this instance, the ward has now died and the guardianship has been closed.

When a ward dies, the probate court loses jurisdiction of the guardianship matter, except for the filing of the final accounting and closing of the guardianship—which has now happened, and the guardianship has been closed. *See* TEX. PROB. CODE ANN. § 745(a)(2) (Vernon Supp.2006) (guardianship of incapacitated ward is settled and closed when ward dies); *Edwards v. Pena*, 38 S.W.3d 191, 195 (Tex.App.-Corpus Christi 2001, no pet.); *Carroll v. Carroll*, 893 S.W.2d 62, 68 (Tex.App.-Corpus Christi 1994, no writ).

In *Easterline v. Bean*, the Texas Supreme Court declared "it has long been the public policy of this state that, when a ward dies, the probate court loses jurisdiction of the guardianship matter, save and except that the guardianship shall be immediately settled and closed, and the guardian discharged." *In re Estate of Glass*, 961 S.W.2d 461, 462 (Tex.App.-Houston [1st Dist.] 1997, writ denied) (quoting *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 428 (1932)).

As a result, the guardianship under which this lawsuit was pursued has terminated, and no further action can be taken in that proceeding.[1]

The trial court ruled on only one set of issues—and cannot now, in the guardianship proceeding, rule on any others. The trial court stated its intention to try the remaining issues separately, for convenience and clarity's sake. Before that could happen, an outside circumstance terminated the authority of the trial court to enter any further ruling other than terminating the guardianship.[2] We find this to have

the same effect (for purposes of finality) as would an order severing the causes.

Under these facts, we conclude that the judgment is final and appealable, and became so on the date the trial court terminated the guardianship. Accordingly, the appeal is properly before us.

## II. The Merits

■ Kenneth's first argument is that the "Trial Court erred by excluding some claims and issues presented in the pleadings from the judgment." The brief does not provide any further specificity as to the nature of those claims and issues. It does not state where in a voluminous record any such claims might be found, and it does not provide any specific briefing on that matter at all. The only discussion provided is in the form of a lengthy quotation apparently taken from *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex. 1992), that discusses res judicata—followed in Kenneth's brief by this request: "Therefore the judgment should be reformed to include all issues and claims between the parties that were raised or could have been raised in the litigation."

■ Even if the brief adequately described the nature of any reformation sought, or the issues and claims complained of, *Barr* does not stand for, or discuss, the suggestion that we should reform the judgment. The issue is inadequately argued, and the brief does not refer to the record in any form to support what we presume is the argument being raised. Further, the sole authority cited

---

1. This scenario highlights the problem that can be caused by pursuing—inside the guardianship proceeding—an action that is properly a lawsuit separate and apart from the guardianship proceeding and the management of the ward's estate. The ward dies, the proceeding ends, and all parties are placed in a legal limbo of their own construction.

2. This also means that we could not with any effect remand the proceeding to the guardianship court for further proceedings—the proceeding no longer exists, and the court has no further jurisdiction over the now nonexistent guardianship.

does not support the conclusion Kenneth urges.[3] We find no basis for reforming the judgment.

■ Kenneth then argues,

[t]he trial court also erred by assessing court costs against Kenneth Moon. The cost of a guardianship proceeding "shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury...." TEX. PROB.CODE § 669(a).

There is no additional briefing, no additional argument, and no further explanation of the nature of the complaint. We presume Kenneth is complaining about the September 14, 2005, judgment. We point out that the Texas Rules of Appellate Procedure require citations to the record—which are necessary for this Court to be able to determine what documents the appellant is complaining about, and also to be able to specifically identify the nature of the complaint about those documents. There is no citation to the record contained within this brief. A copy of a judgment is attached to Kenneth's brief, along with several other documents, and we will assume that this judgment is the one complained of. That document contains a single line stating: "3. Costs in this suit are to be borne by ~~the party incurring same.~~" Handwritten above the struck portion is: "Kenneth Moon (JAII)."

The cited statute is limited to the proceeding "in a guardianship matter." The few cases discussing this section all involve disputes over a guardianship or ad litem fees for protecting a ward or proposed ward, and also note that reimbursement by the estate depends on whether a contestant to a guardianship prevailed in a claim against a guardian. *See Overman v. Baker,* 26 S.W.3d 506, 512–13 (Tex.App.-Tyler 2000, no pet.); *Henderson v. Viesca,* 922 S.W.2d 553, 560–61 (Tex.App.-San Antonio 1996, writ denied). This is a separate claim, which could have been brought in an entirely separate lawsuit and thereby prevented the procedural difficulties discussed earlier. This dispute has nothing to do with a determination either about whether guardianship should be granted, denied, or whether the guardian of the ward had acted in some improper manner. The mere fact that it was filed in a guardianship proceeding does not make it such.

The sole purpose of the judgment, as shown on the face of the judgment, was to order Kenneth Moon to tender funds to L.A. Moon's guardian. Kenneth lost. The general guardianship costs statute, on its face, does not apply to this proceeding; even if it did, the caselaw shows that, as the loser in the suit, Kenneth would remain potentially liable for costs.

There is no citation to, or reference to any evidence presented concerning this issue. Kenneth has not shown us that the trial court erred in assessing costs as it did.

■ Further, we recognize that the general statute states that a losing party

---

3. Appellate courts have no duty to make an independent search of the reporter's record to find support for an appellant's contentions. *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 283 (Tex.1994); *Saldana v. Garcia,* 155 Tex. 242, 285 S.W.2d 197, 201 (1955). It is not the proper job of this Court to create arguments for an appellant. We are restricted to addressing the arguments actually raised, not those that might have been raised. *Garcia v. Robinson,* 817 S.W.2d 59 (Tex.1991). We will not do the job of the advocate. *Maranatha Temple, Inc. v. Enter. Prods. Co.,* 893 S.W.2d 92, 106 (Tex.App.-Houston [1st Dist.] 1994, writ denied); *Most Worshipful Prince Hall Grand Lodge, Free & Accepted Masons of Tex. & Jurisdiction v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.-Dallas 1987, writ ref'd n.r.e.).

in a lawsuit is subject to imposition of costs. *Roberts v. Williamson,* 111 S.W.3d 113, 124 (Tex.2003). "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX.R. CIV. P. 131. If a court awards costs in a manner inconsistent with Rule 131, it must state good cause for doing so on the record. TEX.R. CIV. P. 141. The trial court's allocation of costs is reviewed under an abuse of discretion standard. *Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985). Neither error nor an abuse of discretion, either under the Texas Probate Code or other authority, has been shown by the briefing presented to this Court.

We affirm the judgment.