# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-05-00851-CV

---

### Brenda Elaine King, Appellant

### v.

### Travis County (Pct. Constable 3 District) and Sandy Riojas, Appellees

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN503273, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in favor of appellees Travis County and Deputy Constable Sandy Riojas (collectively, "defendants"). Appellant Brenda Elaine King, representing herself pro se, filed suit against defendants, alleging various intentional and negligent torts relating to King's arrest for possession of a controlled substance. We affirm.

### BACKGROUND

Pursuant to a judgment issued against King on November 24, 2004, Deputy Constable Sandy Riojas was assigned to execute a writ of possession on King's property. According to Riojas, during the execution of the writ, Riojas discovered what she believed to be a controlled substance and a "Ruger P94DC gun." Both items were confiscated and turned over to the Austin Police Department's Crime Lab for further testing.

Based on the results of this testing, an arrest warrant was issued for King for possession of a controlled substance. When King appeared at the Precinct 3 offices to request reimbursement for a filing fee, Riojas and at least one other officer arrested King. King alleged that the officers used excessive force in effectuating the arrest and injured her wrist while handcuffing her. King denied possession of the controlled substance. It is undisputed that on August 29, 2005, the criminal case against King was dismissed.

On September 12, 2005, King filed suit against defendants. The majority of King's petition was nothing more than a recitation of her version of the facts surrounding her arrest. It was not until the conclusion of her petition that King explained the legal basis of her lawsuit:

> I am suing Travis County, because Travis County is responsible for the illegal actions stated below taken by both of the Constable Officers against Plaintiff.
>
> I am suing for negligent misleading lies under Chapter 19-E. Negligent Misrepresentation (Negligent Actions).
>
> I am suing under the Tort Act for battery, misconduct—damaged nerves in Plaintiffs wrist due to hand-cuff being too tight causing (compressed nerves to left wrist) of Plaintiff.
>
> I am suing for Negligence of misconduct, false misleading lies filed against Plaintiff, fraud, wrong doings, illegal process, illegal procedures. . . . I am suing for battery and misconduct, injury damage to my left wrist (hand-cuff too tight), hospital bills, loss of wages and my job was taken from me when I was arrested . . . .
>
> Filing a Personal Lawsuit against Constable Sandy Riojas for destroying my credibility, and scandalizing my name in front of the Judge and Court (defamation of character). Misleading lies, false statement to cause harm, by having Plaintiff arrested. (Filing in the amount of 25,000 dollars). Tampering with evidence.
>
> I am suing Travis County in the amount of 4.7 million dollars for the above actions. Punitive damages.

2

In response to King's petition, the defendants filed a motion for summary judgment alleging the following grounds: (1) there was no evidence of negligent misrepresentation; (2) King's claims for intentional torts were barred by sovereign immunity, *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2005); (3) King failed to state a viable cause of action under the Texas Tort Claims Act for negligent misconduct, *see id*. § 101.021 (West 2005); (4) the defendants were entitled to quasi-judicial immunity for King's claims of wrongful eviction and defamation; (5) King's wrongful eviction claim is barred by collateral estoppel; (6) King's defamation claim fails as a matter of law; (7) King's action against Riojas individually is barred because King elected to proceed against the County, *see id*. § 101.106(a) (West 2005); and (8) Travis County is entitled to derivative immunity, *see id*. § 101.056 (West 2005).

King subsequently filed a "Motion to Dismiss Summary Judgment" in which she repeated many of her factual allegations, summarized relevant case law pertaining to various immunity defenses, and apparently alleged new causes of action for false imprisonment and false arrest. King also clarified that she "has in no way asked for recovery for wrongful eviction."

The district court found King's motion to dismiss the summary judgment to be "moot" and, without specifying its grounds, granted the defendants' motion for summary judgment. This appeal followed.

**DISCUSSION**

Defendants contend that King does not properly identify issues for appellate review. We agree. This is an appeal from a summary judgment. When the motion for summary judgment is based on several different grounds—as it was here—and the order granting the motion is silent

3

as to the reason for granting the motion, the appellant must show that each independent ground alleged is insufficient to support summary judgment. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). King has failed to do so.

The only place in her brief where King even attempts to address the summary judgment grounds is in her "Statement of the Case," which we reprint in its entirety below:

> To analyze and make a logical determination of whether officers acted in the scope of their authority and to establish his good faith for official immunity, establish whether an arrest warrant issued was justifiable by determining if officer had probable cause with (five) individuals including Officer Riojas whom took sole possession of Plaintiff's personal property without the presence of Plaintiff and to establish if Plaintiff's injury was justifiable. To determine the states liability of the general negligence of its employees, torts, etc. To determine perjury charges for submitting in the sworn statement affidavit (positive pocs [sic]) and results from the Austin Police Department Forensic, Technical Services Bureau Science Division Chemistry Section Laboratory Report (Negative) no drugs detected. No fingerprints requested to determine to whom position the baggie belonged.

Even were we to assume that this statement adequately addresses some of the defendants' summary judgment grounds, such as sovereign and official immunity, it wholly fails to address other summary judgment grounds upon which the district court could have relied, such as whether Travis County is entitled to derivative immunity, whether Deputy Riojas is entitled to quasi-judicial immunity, whether King's claim for defamation fails as a matter of law, whether King failed to state a viable cause of action for negligent misconduct under the tort claims act, and whether there is evidence of negligent misrepresentation.

Other than the above "Statement of the Case," King's appellate brief provides this Court with nothing more than a narrative that she characterizes as a "Statement of Facts," with no

citations to the record, and a second narrative that she characterizes as a "Summary of the Argument," with no citations to authority.[1]  Furthermore, King's "Summary of the Argument" provides this Court with only conclusory assertions related to her causes of action, such as the following: "Defendant is negligent.  Defendant committed perjury.  The case was dismissed.  Plaintiff was injured during an arrest, and Plaintiff was battered."

Texas Rule of Appellate Procedure 38 prescribes the requirements for briefs.  The rule provides that a brief to this Court shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record.  *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied).  King's brief fails to comply with rule 38.1(e), (f), (g), and (h).

Although we are to construe the rules of appellate procedure liberally, *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), in this case, King's briefing is so inadequate that we would have to make her arguments for her.  This we will not do.  *See Robertson v. Southwestern Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.); *see also In re Moon*, 216 S.W.3d 506, 511 n.3 (Tex. App.—Texarkana 2007, no pet. h.) ("It is not the proper job of this Court to create arguments for an appellant. . . .  We will not do the job of the advocate.")

---

[1] King does provide an "Index of Authorities" in her brief.  However, King makes no effort to reference these authorities within her argument or discuss their relevance to her case.

5

We realize that King has proceeded without the assistance of counsel throughout this litigation, including on appeal. However, in order to prevent unfair advantage over litigants represented by counsel, pro se litigants are held to the same standards as licensed attorneys and are required to comply with applicable laws and procedural rules. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

On appeal, as at trial, the pro se appellant must properly present her case. *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Id.* Bare assertions of error, without citations to authority, waive error. *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. filed) (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983)); *see also Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to conclude that issues are waived due to inadequate briefing and is not required to allow appellant opportunity to amend inadequate brief). Accordingly, we hold that King has waived error.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 6, 2007