TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00851-CV






Brenda Elaine King, Appellant


v.


Travis County (Pct. Constable 3 District) and Sandy Riojas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN503273, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from a summary judgment granted in favor of appellees Travis
County and Deputy Constable Sandy Riojas (collectively, "defendants"). Appellant Brenda Elaine
King, representing herself pro se, filed suit against defendants, alleging various intentional and
negligent torts relating to King's arrest for possession of a controlled substance. We affirm.


BACKGROUND

 Pursuant to a judgment issued against King on November 24, 2004, Deputy Constable
Sandy Riojas was assigned to execute a writ of possession on King's property. According to Riojas,
during the execution of the writ, Riojas discovered what she believed to be a controlled substance
and a "Ruger P94DC gun." Both items were confiscated and turned over to the Austin Police
Department's Crime Lab for further testing.

 Based on the results of this testing, an arrest warrant was issued for King for
possession of a controlled substance. When King appeared at the Precinct 3 offices to request
reimbursement for a filing fee, Riojas and at least one other officer arrested King. King alleged that
the officers used excessive force in effectuating the arrest and injured her wrist while handcuffing
her. King denied possession of the controlled substance. It is undisputed that on August 29, 2005,
the criminal case against King was dismissed.

 On September 12, 2005, King filed suit against defendants. The majority of King's
petition was nothing more than a recitation of her version of the facts surrounding her arrest. It was
not until the conclusion of her petition that King explained the legal basis of her lawsuit:


I am suing Travis County, because Travis County is responsible for the illegal actions
stated below taken by both of the Constable Officers against Plaintiff.


I am suing for negligent misleading lies under Chapter 19-E. Negligent
Misrepresentation (Negligent Actions).


I am suing under the Tort Act for battery, misconduct--damaged nerves in Plaintiffs
wrist due to hand-cuff being too tight causing (compressed nerves to left wrist) of
Plaintiff.


I am suing for Negligence of misconduct, false misleading lies filed against Plaintiff,
fraud, wrong doings, illegal process, illegal procedures. . . . I am suing for battery
and misconduct, injury damage to my left wrist (hand-cuff too tight), hospital bills,
loss of wages and my job was taken from me when I was arrested . . . .


Filing a Personal Lawsuit against Constable Sandy Riojas for destroying my
credibility, and scandalizing my name in front of the Judge and Court (defamation
of character). Misleading lies, false statement to cause harm, by having Plaintiff
arrested. (Filing in the amount of 25,000 dollars). Tampering with evidence.


I am suing Travis County in the amount of 4.7 million dollars for the above actions. 
Punitive damages.


 In response to King's petition, the defendants filed a motion for summary judgment
alleging the following grounds: (1) there was no evidence of negligent misrepresentation; (2) King's
claims for intentional torts were barred by sovereign immunity, see Tex. Civ. Prac. & Rem. Code
Ann. § 101.057 (West 2005); (3) King failed to state a viable cause of action under the Texas Tort
Claims Act for negligent misconduct, see id. § 101.021 (West 2005); (4) the defendants were entitled
to quasi-judicial immunity for King's claims of wrongful eviction and defamation; (5) King's
wrongful eviction claim is barred by collateral estoppel; (6) King's defamation claim fails as a matter
of law; (7) King's action against Riojas individually is barred because King elected to proceed
against the County, see id. § 101.106(a) (West 2005); and (8) Travis County is entitled to derivative
immunity, see id. § 101.056 (West 2005).

 King subsequently filed a "Motion to Dismiss Summary Judgment" in which she
repeated many of her factual allegations, summarized relevant case law pertaining to various
immunity defenses, and apparently alleged new causes of action for false imprisonment and false
arrest. King also clarified that she "has in no way asked for recovery for wrongful eviction."

 The district court found King's motion to dismiss the summary judgment to be
"moot" and, without specifying its grounds, granted the defendants' motion for summary judgment. 
This appeal followed.


DISCUSSION

 Defendants contend that King does not properly identify issues for appellate review. 
We agree. This is an appeal from a summary judgment. When the motion for summary judgment
is based on several different grounds--as it was here--and the order granting the motion is silent
as to the reason for granting the motion, the appellant must show that each independent ground
alleged is insufficient to support summary judgment. See FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872-73 (Tex. 2000). King has failed to do so.

 The only place in her brief where King even attempts to address the summary
judgment grounds is in her "Statement of the Case," which we reprint in its entirety below:


To analyze and make a logical determination of whether officers acted in the scope
of their authority and to establish his good faith for official immunity, establish
whether an arrest warrant issued was justifiable by determining if officer had
probable cause with (five) individuals including Officer Riojas whom took sole
possession of Plaintiff's personal property without the presence of Plaintiff and to
establish if Plaintiff's injury was justifiable. To determine the states liability of the
general negligence of its employees, torts, etc. To determine perjury charges for
submitting in the sworn statement affidavit (positive pocs [sic]) and results from the
Austin Police Department Forensic, Technical Services Bureau Science Division
Chemistry Section Laboratory Report (Negative) no drugs detected. No fingerprints
requested to determine to whom position the baggie belonged.



 Even were we to assume that this statement adequately addresses some of the
defendants' summary judgment grounds, such as sovereign and official immunity, it wholly fails to
address other summary judgment grounds upon which the district court could have relied, such as
whether Travis County is entitled to derivative immunity, whether Deputy Riojas is entitled to quasi-judicial immunity, whether King's claim for defamation fails as a matter of law, whether King failed
to state a viable cause of action for negligent misconduct under the tort claims act, and whether there
is evidence of negligent misrepresentation.

 Other than the above "Statement of the Case," King's appellate brief provides this
Court with nothing more than a narrative that she characterizes as a "Statement of Facts," with no
citations to the record, and a second narrative that she characterizes as a "Summary of the
Argument," with no citations to authority. (1) Furthermore, King's "Summary of the Argument"
provides this Court with only conclusory assertions related to her causes of action, such as the
following: "Defendant is negligent. Defendant committed perjury. The case was dismissed. 
Plaintiff was injured during an arrest, and Plaintiff was battered."

 Texas Rule of Appellate Procedure 38 prescribes the requirements for briefs. The
rule provides that a brief to this Court shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and
concise argument for the contentions made with appropriate citations to authorities and the record.
McIntyre v. Wilson, 50 S.W.3d 674, 682 (Tex. App.--Dallas 2001, pet. denied). King's brief fails
to comply with rule 38.1(e), (f), (g), and (h).

 Although we are to construe the rules of appellate procedure liberally, see Republic
Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004), in this case, King's
briefing is so inadequate that we would have to make her arguments for her. This we will not do.
See Robertson v. Southwestern Bell Yellow Pages, Inc., 190 S.W.3d 899, 903 (Tex. App.--Dallas
2006, no pet.); see also In re Moon, 216 S.W.3d 506, 511 n.3 (Tex. App.--Texarkana 2007,
no pet. h.) ("It is not the proper job of this Court to create arguments for an appellant. . . . We will
not do the job of the advocate.")

 We realize that King has proceeded without the assistance of counsel throughout this
litigation, including on appeal. However, in order to prevent unfair advantage over litigants
represented by counsel, pro se litigants are held to the same standards as licensed attorneys and are
required to comply with applicable laws and procedural rules. Wheeler v. Green, 157 S.W.3d 439,
444 (Tex. 2005); Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).

 On appeal, as at trial, the pro se appellant must properly present her case. Strange
v. Continental Cas. Co., 126 S.W.3d 676, 678 (Tex. App.--Dallas 2004, pet. denied). An issue on
appeal unsupported by argument or citation to any legal authority presents nothing for the court to
review. Id. Bare assertions of error, without citations to authority, waive error. Liberty Mut. Ins.
Co. v. Griesing, 150 S.W.3d 640, 648 (Tex. App.--Austin 2004, pet. filed) (citing Trenholm
v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983)); see also Fredonia State Bank v. General Am. Life Ins.
Co., 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to conclude that issues are
waived due to inadequate briefing and is not required to allow appellant opportunity to amend
inadequate brief). Accordingly, we hold that King has waived error.


CONCLUSION

 We affirm the judgment of the district court.

 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: June 6, 2007
1. King does provide an "Index of Authorities" in her brief. However, King makes no effort
to reference these authorities within her argument or discuss their relevance to her case.