Affirmed and Memorandum Opinion filed September 25, 2007








Affirmed and Memorandum Opinion filed September 25, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00166-CV

____________

 

THE PAIN CARE CENTER, INC. AND
MARSHA HUGHES,
Appellants

 

V.

 

O=CONNOR & HANNAN, L.L.P., Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2003-36758

 



 

M E M O R A N D U M   O P I N I O N








Appellants, The Pain Care Center, Inc. and Marsha Hughes,
appeal from a final judgment in their lawsuit alleging legal malpractice and
other claims against O=Connor & Hannan, L.L.P.  The judgment
awarded appellants $2,099.50 in sanctions against O=Connor &
Hannan but denied all further relief after a settlement credit from a settling
defendant was applied to the jury=s verdict.  On
appeal, appellants contend that the trial court erred in (1) permitting O=Connor &
Hannan to call witnesses that were not timely identified in response to
discovery requests; (2) failing to order a mistrial when the court reporter=s machine
malfunctioned during a pre-trial hearing; (3) granting summary judgment against
their breach of contract cause of action; (4) permitting a juror to serve who
had been previously excused from the panel; and (5) refusing to grant
challenges for cause and an additional peremptory challenge.  Appellants
further contend that the jury=s finding that O=Connor &
Hannan did not commit fraud was against the great weight and preponderance of
the evidence.  We affirm.

I.  Background

In May 2001, Kirk Coverstone sued appellants, alleging
various claims relating to a contract of employment between Coverstone and The
Pain Care Center.  The contract was signed by Hughes as Chief Executive Officer
of The Pain Care Center.  Among the claims, Coverstone alleged breach of
contract, conversion, and breach of fiduciary duty.  He further alleged that
The Pain Care Center was simply an alter ego of Hughes.  Initially, appellants
were represented in this underlying lawsuit by attorney Jay Dushkin.  During
this time, Hughes was taking a college class taught by Michael Wing.  After
discussing the case several times with Wing, Hughes decided to dismiss Dushkin
as counsel for her and The Pain Care Center and hire Wing and the law firm in
which he was a partner, O=Connor & Hannan.  On March 17, 2002,
Hughes signed an Engagement Letter naming Wing and O=Connor &
Hannan as attorneys for her and The Pain Care Center.

Although Wing subsequently left O=Connor &
Hannan in August 2002, no order was entered dismissing the firm as counsel in
the lawsuit.  Ultimately, after judgments were entered in the underlying
lawsuit against both Hughes and The Pain Care Center, they settled with
Coverstone by agreeing to pay him $70,000.  Including the legal fees paid to
Wing and certain garnishment fees resulting from an apparent failure to timely
pay the settlement amount, appellants paid a total of $93,056.11 in settlement
of the underlying case.








Appellants subsequently brought the present action against
Wing and O=Connor & Hannan, alleging professional negligence,
fraud, breach of contract, and breach of a fiduciary duty.  Wing settled with
appellants before trial, agreeing to pay them $300,000.  Also prior to trial,
the trial court granted summary judgment against appellants= breach of
contract claim.  The trial court further held that as a matter of law, the
representation of appellants in the underlying lawsuit was negligently
performed and that O=Connor & Hannan remained liable for
appellants= representation because it had not obtained a court
order approving its withdrawal as their counsel.  Consequently, the court
instructed the jury that O=Connor & Hannan was liable for the
negligent representation of appellants in the underlying action.  The jury
awarded appellants a combined sum of $98,056.17 in damages.  The jury further
found that O=Connor & Hannan had not committed fraud against
appellants.

Additionally, prior to trial, the court held a hearing on
appellants= motion for sanctions based on O=Connor &
Hannan=s alleged failure
to timely and adequately answer discovery.  The court granted certain relief
requested by appellants, including monetary sanctions, and denied certain
relief, including the requested exclusion of all of O=Connor &
Hannan=s trial witnesses.[1]

II.  Analysis

A.  Discovery Disputes








In their first issue, appellants contend that the trial
court erred in allowing O=Connor & Hannan to call any witnesses
in its case-in-chief because O=Connor & Hannan failed to timely and
adequately answer discovery.  See generally Tex. R. Civ. P. 193.6(a) (providing that a party that fails
to timely identify a witness may not offer that witness=s testimony at
trial), 215 (governing sanctions for discovery abuses).  Appellants= primary position
appears to be that because O=Connor & Hannan did not identify the
witnesses it expected to call until thirty days before trial in answer to
interrogatories, the trial court should have excluded all of O=Connor &
Hannan=s trial witnesses.[2] 
However, beyond stating that supplementation of the interrogatory responses
thirty days before trial was untimely, appellants offer no explanation and make
no arguments as to why they deem the answers untimely.  Appellants also cite no
authority in support of this contention.  Consequently, this issue has not been
properly briefed.  Tex. R. App. P. 38.1(h)
(requiring that an appellant=s brief Amust contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and the record@).

Additionally, in their statement of issue one, appellants
assert that O=Connor & Hannan did not supplement its responses
to the requests for production until thirty days before the trial setting. 
However, appellants neither assert that the trial court erred in permitting the
introduction of any documents as trial exhibits, nor do they explain how
supplementation of document production relates to the testimony of O=Connor &
Hannan=s witnesses of
which appellants complain.

Appellants further point out that had the case proceeded to
trial on two previously scheduled trial dates, O=Connor &
Hannan would not have been able to call any witnesses because it had not
provided a witness list by those dates.  But appellants do not explain how this
observation is relevant to whether O=Connor &
Hannan timely supplemented its witness list thirty days prior to the actual
trial date.

Appellants additionally argue that in responding to
requests for disclosure, O=Connor & Hannan failed to state what
connection each person identified as having knowledge of relevant facts had to
the case.  Again, appellants make no connection between this alleged failure
and the exclusion of witnesses due to failure to provide a witness list in
response to an interrogatory until thirty days prior to trial.  Furthermore, a
review of O=Connor & Hannan=s responses to the
requests for disclosures reveals that it did in fact state a connection for
each person listed.








Lastly, appellants point out that O=Connor &
Hannan failed to demonstrate (1) good cause for the late supplementation of the
witness list, or (2) that such late supplementation did not cause unfair
surprise or prejudice to appellants.  See generally Tex. R. Civ. P. 193.6(a).  However,
because appellants have provided no argument as to why supplementation thirty
days before trial was untimely, we need not consider whether untimely
supplementation was excused by good cause or caused unfair surprise or
prejudice.  For the foregoing reasons, we overrule appellants= first issue.

B.  Reporter=s Record

In their second issue, appellant=s contend that
they are entitled to a new trial because the court reporter=s recording
machine apparently malfunctioned at one point during the hearing on appellants= motion for
sanctions.  Under Texas Rule of Appellate Procedure 34.6(f), an appellant is
entitled to a new trial if, among other possibilities: (1) a significant
portion of an electronic recording of proceedings has been lost or destroyed or
is inaudible, (2) the portion is necessary to the resolution of the appeal, and
(3) the portion cannot be replaced by agreement of the parties.  Tex. R. App. P. 34.6(f).  However,
except for pointing out that the machine apparently malfunctioned at some point
and baldly asserting that the alleged missing portion of the record Ais necessary to
this Court=s resolution of the appeal,@ appellants offer
no argument in support of this issue.  Appellants do not even suggest what may
have gone unrecorded or why the missing portion would be necessary to our
disposition of the appeal.

Furthermore, the portion of the record appellant cites
shows that the malfunction occurred when O=Connor &
Hannan=s counsel was
responding to a question from the judge and argument by opposing counsel. 
After the interruption, O=Connor & Hannan=s attorney appears
to continue where he left off.  Thus, there is no indication that anything of
substance occurred during the time there was no recording.  Indeed, a logical
inference is that the proceedings simply stopped until the problem could be
corrected.  Accordingly, we find that appellants have failed to demonstrate the
necessity of any missing portion of the record for resolution of this appeal. 
We overrule appellants= second issue.

C.  Breach of Contract








In their third and fourth issues, appellants contend that
the trial court erred in granting summary judgment against their breach of
contract cause of action.  In their First Amended petition, appellants asserted
that O=Connor &
Hannan breached the contract when it failed Ato provide any legal
services to [appellants] after it entered into a contract with [appellants] to
provide such services.@  (emphasis in original).  In the
traditional summary judgment portion of its motion, O=Connor &
Hannan contended that appellants= breach of
contract claim constituted an improper fracturing of their legal malpractice
claim.  In the no-evidence portion of the motion, O=Connor &
Hannan asserted that appellants could present no evidence of breach or
causation.  The trial court granted summary judgment against the breach of
contract claim without specifying the grounds therefore.  Consequently, we must
affirm the summary judgment if any of the summary judgment grounds are meritorious. 
Mandell v. Mandell, 214 S.W.3d 682, 687 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).

In their brief, appellants argue that their cause of action
was not an improper fracturing of a malpractice action and that they provided
summary judgment proof of damages resulting from the alleged breach of
contract.  However, appellants do not address the no-evidence grounds relating
to breach and causation.[3] 
For that reason alone, we may affirm summary judgment.  Broesche v. Jacobson,
218 S.W.3d 267, 274 (Tex. App.CHouston [14th Dist.] 2007, pet. denied). 
Accordingly, we overrule issues three and four.








D.  Juror Issues

In issues five through seven, appellants argue that the
trial court made several errors relating to challenges and seating of jurors.

1.  Excused Panelist

In issue number five, appellants contend that the trial
court erred by excusing a venire panel member but then seating that panel
member on the jury.  Specifically, appellants assert that jury panel member
number eleven, whom appellants identify as AMrs. Zamora,@ had been Aerased@ from the list but
was subsequently seated on the jury and signed the verdict.  The Strike List
contained in the record, however, shows AMichael Mullen@ as panel member
eleven, and it shows that Andra Zamora (the only Zamora on the list) was panel
member twenty-three.  Mullen=s name and number are indeed marked
through on the list; Zamora=s name and number are not.  Mullen did not
sign the verdict and, as apparent from the record, did not serve as a juror.

At one point during pretrial proceedings, the trial judge
stated that the panel members excused for job-related reasons included ANo. 11 Mrs.
Zamora.@  This appears to
be a simple misstatement by the judge.  Although Mullen (the actual panel
member number eleven) told the judge that he could not afford to be off work
for jury service, Zamora apparently made no such statement (telling the judge
only that her brother had been involved in a medical malpractice case). 
Furthermore, prior to saying ANo. 11 Mrs. Zamora,@ the trial judge
had correctly identified Mullen as panel member eleven on the record.  The
judge also correctly identified Zamora as panel member twenty-three on the
record, and she included Mullen, but not Zamora, on a subsequent list of
excused jurors.  Accordingly, appellants have not demonstrated that the trial
court erred in permitting Zamora to serve on the jury.  We overrule issue
number five.








2.  Challenges

In issue number six, appellants contend that the trial
court erred in refusing to grant certain of appellants= challenges for
cause.  In issue number seven, appellants assert that the trial court erred in
permitting an objectionable juror to be on the jury after the court denied
appellants= challenge for cause and request for an additional
peremptory challenge.  Appellants= discussion of
these issues in their brief details the procedural history of when the
challenges were made, how many were granted, how many were denied, which jurors
were excused, and which jurors were objected to but not excused.  However,
except for juror Zamora discussed above, appellants offer no legal basis for
why any of the jurors who actually served on the jury should not have so
served.  Consequently, appellants= presentation of
these issues violates Rule 38.1(h) of the Rules of Appellate Procedure, which
requires an appellant=s brief to Acontain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.@  Tex.
R. App. P. 38.1(h).  We overrule issues six and seven.

E.  Factual Sufficiency

In their eighth issue, appellants contend that the jury=s failure to find
fraud was against the overwhelming weight of the evidence.  In reviewing this
challenge to the factual sufficiency of the evidence, we consider and weigh all
the evidence and will set aside the verdict only if the evidence is so weak or
if the finding is so against the great weight and preponderance of the evidence
that it is clearly wrong or unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d
237, 241 (Tex. 2001).  The trier of fact is the sole judge of the credibility
of the witnesses and the weight to be given to their testimony.  GTE
Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599, 615‑16 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).

In its charge, the trial court instructed the jury that:

Fraud occurs whenC

1.       A party makes a material misrepresentation,








2.       The misrepresentation is made with
knowledge of its falsity or made recklessly without any knowledge of the truth
and as a positive assertion,

3.       The misrepresentation is made with the
intention that it should be acted on by the other party, and 

4.       The other
party relies on the misrepresentation and thereby suffers injury.[4]

The
question on fraud in the charge then reads as follows:

In answering this question,
consider only representations, if any, that you find were made to The Pain Care
Center, Inc. and/or Marsha Hughes in the law firm brochure or the web site
[sic] concerning the quality of legal services and support in the legal
representation of Plaintiffs by Mr. Wing.

In support of their factual sufficiency argument,
appellants point to statements in the firm brochure that appellants contend
were misrepresentations that (1) their legal defense would be handled by a
team, (2) the firm would choose the attorney whose skills were best suited to
the job, and (3) the lawyer so chosen would be an experienced litigation
attorney.[5] 
However, even assuming appellants are correct that these statements were
material misrepresentations, knowingly made, with the intention that they be
acted uponCthus fulfilling the first three elements of the fraud
chargeCappellants fail to
establish that a finding that appellants did not rely on these statements in
hiring Wing was against the great weight and preponderance of the evidence.








Appellants assert as uncontroverted fact that they relied
on statements in the brochure and on the website in hiring Wing (and the firm)
to represent them.  Hughes did indeed testify that she relied on these
statements in signing the agreement.  However, as stated above, the jury is the
sole judge of the credibility of the witnesses and the weight to be given to
their testimony.  GTE Mobilnet, 61 S.W.3d at 615‑16.  On the most
basic level, the jury may simply have disbelieved Hughes= self-serving
testimony.  See, e.g., Purcell Const., Inc. v. Welch, 17 S.W.3d 398,
401-02 (Tex. App.CHouston [1st Dist.] 2000, no pet.)
(holding evidence was factually sufficient where jury could have disbelieved
testimony of principle of defendant company).

Furthermore, there was evidence that Hughes and Wing had a
relationship prior to and outside of the attorney-client context.  Wing was
Hughes= college
professor.  She testified that she had previously spoken to him numerous times
about the underlying case and about the performance of her prior attorney. 
Emails between Hughes and Wing on these subjects were also introduced into
evidence.  When she turned to him for advice on replacement counsel, he
reportedly referred her to the firm=s website, where
she reviewed his curriculum vitae.  According to Hughes, Wing told her that Ahe was a very
experienced attorney; [sic] that he tried a lot of cases, and that he had never
lost a case.@  This evidence suggests that in hiring legal
representation for The Pain Care Center and herself, Hughes relied on her own
personal opinions of Wing and on his representations rather than on the
statements in the brochure and on the website.  Thus, we cannot say that the
jury=s failure to find
fraud under the charge given was against the great weight and preponderance of
the evidence.  We overrule issue number eight.

We affirm the trial court=s judgment.      

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 25, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

 









[1]  Additional background and procedural facts will be
discussed below as necessary.





[2]  Appellants=
first issue is to some degree multifarious; however, to the extent we can
discern the complaints being made, we will address them.  See, e.g., In re
Guardianship of Moon, 216 S.W.3d 506, 508 (Tex. App.CTexarkana 2007, no pet.); Bell v. Tex. Dep=t of Crim. Justice‑Inst=l Div., 962
S.W.2d 156, 157 n.1 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).





[3]  Appellants state that damages was the only element
on which O=Connor & Hannan alleged no evidence could be
presented.  Appellants misread the motion.  Although in one section of the
motion, O=Connor & Hannan alleged that appellants could
present no evidence of damages caused by Wing=s conduct during the time he worked for the firm, in another section of
the motion, O=Connor & Hannan specifically alleged that
appellants could present no evidence that it breached the agreement or that any
such breach caused damages.





[4]  The charge also included an instruction regarding
fraudulent failure to disclose a material fact; however, in their brief,
appellants make no arguments regarding this instruction.





[5]  Appellants additionally mention Arepresentations of Wing, as a partner,@ but as stated, the charge limited the realm of
possibly fraudulent statements to those made in the brochure or on the website.