

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00012-CV

CODY WOMMACK, Appellant

V.

BRIANNA MCCLAIN AND CARRIE MCGINNIS, Appellees

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 27,827

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Appellant, Cody Wommack, appearing pro se, appeals from the trial court's dismissal of his claims against Appellees Brianna McClain and Carrie McGinnis. On appeal, Wommack argues that (1) the trial court erred in granting Appellees' motion to dismiss under the Texas Citizens Participation Act (TCPA), (2) the trial court erred in granting Appellees' Rule 91a motion, (3) the trial court abused its discretion by denying Wommack's sworn Rule 12 motion, (4) the trial court erred by denying Wommack's Rule 257 motion to change venue, and (5) the trial court erred by adopting Appellees' proposed findings and conclusions verbatim. Wommack also claims that the trial court erred in awarding attorney fees to Appellees and that the cumulative effect of all of the trial court's errors requires reversal of the judgment in its entirety. Because we find that Wommack has inadequately briefed his issues on appeal, we affirm the judgment of the trial court.

## I.       Background Facts

The underlying case arises from a social media post made by McClain, mayor of the City of Lone Star (City), which McGinnis commented on. The post was in reference to the placement of a game camera facing the door of a women's restroom in the City park. The game camera was placed by Wommack, a sitting alderman for the City. Wommack filed suit against McClain and McGinnis, asserting he was a victim of "vicious cyber-defamation" as a result of the social media post. McClain filed an answer and a motion to dismiss, asserting that the post was made in her official capacity and was related to a matter of public concern, namely the safety of the women using the City's park. McGinnis filed a motion to dismiss under the TCPA, asserting

that the underlying lawsuit was based on, related to, or in response to her exercise of the rights of free speech and association on a matter of public safety in the City park. After hearing the motions, both were granted and Wommack's case was dismissed by the trial court. After the trial court issued requested findings of fact and conclusions of law and denied Wommack's motion for new trial, this appeal ensued.

## II. Inadequate Briefing

"In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (citing TEX. R. CIV. P. 7; *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding)). "The right of self-representation (or being what is commonly called a pro se litigant), carries with it the responsibility to adhere to our rules of evidence and procedure, including our appellate rules of procedure if the party chooses to represent himself at the appeal level." *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied)). "[P]*ro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure." *Manning v. Johnson*, 642 S.W.3d 871, 884 (Tex. App.—Texarkana 2021, no pet.) (quoting *In re C.N.M.*, No. 10-10-00178-CV, 2011 WL 1049383, at *1 (Tex. App.—Waco Mar. 23, 2011, no pet.) (mem. op.)).

"We have repeatedly warned [appellants] to refrain from raising multifarious points of error." *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 763 n.10 (Tex. App.—Texarkana 2017, pet. dism'd) (citing *In re Guardianship of Moon*, 216 S.W.3d 506, 508 (Tex. App.—Texarkana

2007, no pet.)). "Failure to heed our warnings runs the risk of having any multifarious issue(s) being summarily overruled." *Id.* "Bare assertions of error" like the ones presented in the multifarious portions of Wommack's brief, "without argument or authority, waive error." *Id.* (quoting *In re Est. of Curtis*, 465 S.W.3d 357, 379 (Tex. App.—Texarkana 2015, pet. dism'd)).

Under our rules, Wommack's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see Delta Cty. Appraisal Dist.* v. *PPF Gin & Warehouse, LLC*, 632 S.W.3d 637, 652 (Tex. App.—Texarkana 2021, pet. denied). "Failure to cite legal authority or provide substantive analysis of the legal issues presented results in waiver of the complaint." *PPF Gin & Warehouse, LLC*, 632 S.W.3d at 652 (quoting TEX. R. APP. P. 38.1(i)). Furthermore, because "[w]e are not to construct an argument for a party," we must overrule a "blanket, conclusory argument." *Trimble v. Luminant Mining Co. LLC*, No. 06-15-00004-CV, 2016 WL 234483, at *3 (Tex. App.—Texarkana Jan. 20, 2016, no pet.) (mem. op.). And "we are not responsible for doing the legal research that might support a party's contentions." *Bolling*, 315 S.W.3d at 895 (citing *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party." *Id.* (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).

As to Wommack's seven issues raised in his brief, while he presented case facts, Wommack fails to provide any legal authority or substantive analysis in any point of error raised in his brief. Rather, his arguments are made up of brief conclusory statements unsupported by

4

any analysis or legal support. "Briefing requirements are not met 'by merely uttering brief conclusory statements, unsupported by legal citations.'" *Kennedy v. Jones*, No. 06-19-00068-CV, 2020 WL 62022, at *3 (Tex. App.—Texarkana Jan. 7, 2020, no pet.) (mem. op.) (quoting *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *3 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.)).

Because Wommack did not adequately brief the issues he presents on appeal and provides no legal support for his arguments, he has waived these issues. *See* TEX. R. APP. P. 38.1(i).

## III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     January 23, 2026
Date Decided:       February 4, 2026

5