**Weston ADAMS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Appellee.**

**No. 05–06–00006–CV.**

Court of Appeals of Texas, Dallas.

Aug. 25, 2008.

Rehearing Overruled Sept. 29, 2008.

Carl David Adams, The Law Offices of Carl David Adams, Dallas, for appellant.

J. Michael Alexander, Law Offices of J. Michael Alexander, Dallas, Kathleen Crouch, Noel Dade Cooper, Nistico & Crouch, PC, Grapevine, for appellee.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION ON REHEARING

Opinion by Justice MAZZANT.

We overrule appellant's motion for rehearing. We withdraw our July 31, 2007 opinion and judgment. The following is now the opinion of the Court.

Weston Adams appeals the trial court's judgment following a jury trial awarding State Farm Mutual Automobile Insurance Company damages of $8230.55 plus pre- and post-judgment interest in this suit for damage to an automobile. Adams brings five issues asserting the statute of limitations barred State Farm's claims and no evidence supports the jury's determination of damages. We affirm the trial court's judgment.

## LIMITATIONS

■ In his first issue, Adams asserts State Farm's cause of action is barred by limitations. The case arose on December 11, 2002 when a car, driven by Courtland Goolsby and owned by Terry Goolsby, was involved in an accident with a vehicle owned and driven by Adams. State Farm was the Goolsbys' insurer. The Goolsbys filed suit against Adams on March 28, 2003 alleging the accident was caused by Adams's negligence. State Farm was not listed as a party in the heading or preamble of the original petition, but the petition contained the following provision:

> **FOR THE COURT:** This action is brought in part by State Farm Mutual Automobile Ins. Co., subrogee to all recovery in excess of $250.00 and who prays for judgment in its name.

The first amended petition, filed September 23, 2004, also contained this paragraph and did not list State Farm in the heading or preamble. The second amended petition filed March 9, 2005 listed State Farm in the heading and the preamble as the sole plaintiff, and the petition contained the following provision:

> **FOR THE COURT:** This action was originally brought in part by State Farm Mutual Automobile Ins. Co., subrogee to all recovery in excess of $250.00 and who prayed for judgment in its name. STATE FARM will tender TERRY W. GOOLSBY his $250.00 deductible if it prevails as sought.

The limitations period for this cause of action was two years from the accrual of the cause on December 11, 2002. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2008). Adams asserts the second amended petition, filed more than two years after the cause of action accrued, constituted a new suit because it dropped the pre-existing plaintiffs, the Goolsbys, and added a new plaintiff, State Farm. We disagree.

■ Pleadings are not required to take any particular form. *Cox v. Union Oil Co.*, 917 S.W.2d 524, 526 (Tex.App.-Beaumont 1996, no writ). In the absence of a special exception, we construe a plead-

ing in favor of the pleader. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000); *McGraw v. Brown Realty Co.,* 195 S.W.3d 271, 275 (Tex.App.-Dallas 2006, no pet.). The pleadings show State Farm was a plaintiff when the suit was originally filed on March 28, 2003 and remained a plaintiff throughout the succeeding amendments to the petition. Although State Farm was not listed in the heading and preamble as a plaintiff, the traditional location for listing the parties, State Farm was identified as a plaintiff in the body of the petition. We overrule Adams's first issue.

## EVIDENCE OF DAMAGES

■ In his second issue, Adams contends the trial court erred in submitting the damages question and in denying his motions for instructed verdict and for judgment notwithstanding the verdict because there was no competent evidence of any difference in the market value of the vehicle immediately before and after the accident. Throughout his brief, Adams seeks only reversal of the judgment and rendition of a take-nothing judgment in his favor; he does not argue factual insufficiency of the evidence or pray for a new trial. Accordingly, he has raised only a legal-sufficiency challenge to the evidence in support of the judgment. *See Tex. Farm Prods. Co. v. Stock,* 657 S.W.2d 494, 497–98 (Tex.App.-Tyler 1983, writ ref'd n.r.e.) (points of error and arguments that assert only no-evidence points do not present factual-sufficiency points); *see also McDonald v. N.Y. Cent. Mut. Fire Ins.*

*Co.,* 380 S.W.2d 545, 548 (Tex.1964) (points complaining of denial of motions for instructed verdict and j.n.o.v. raised only no-evidence points).

■ In reviewing rulings on motions for directed verdict and judgment notwithstanding the verdict, appellate courts apply the no-evidence standard. *See City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005); *Byrd v. Delasancha,* 195 S.W.3d 834, 836 (Tex.App.-Dallas 2006, no pet.). We review the evidence and must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. *Wilson,* 168 S.W.3d at 827. A challenge to the legal sufficiency of evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not exceed a scintilla. *Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 793 (Tex.2006). Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex.2004).

■ State Farm's evidence in support of damages consisted of two affidavits and their attachments, which were admitted without objection.[1] We focus on one of the affidavits, that of State Farm employee Chris Sorenson. In his affidavit, Sorenson stated,

> In the opinion of State Farm Insurance and in my opinion, based upon the experience and expertise of the adjuster, and based upon the records that are maintained by State Farm Insurance in the

---

1. This case is before us on a partial reporter's record. *See* Tex.R.App. P. 34.6(c). The two affidavits and their attachments are the only evidence before us that was admitted at the trial. The partial reporter's record also contains Adams's motion for directed verdict, his objections to the charge, and the argument on the motion for judgment notwithstanding the verdict and motion for new trial. Pursuant to rule 34.6(c)(4), we must presume the partial reporter's record constitutes the entire record for the purpose of considering the issues on appeal and that the omitted portions are irrelevant. Tex.R.App. P. 34.6(c)(4); *In re E.A.C.,* 162 S.W.3d 438, 441 (Tex.App.-Dallas 2005, no pet.).

normal course of business, reasonable damages for the vehicle in Dallas County, Texas, are $8230.55, after considering the salvage value or alternaively [sic], cost the same sum to repair.

Several documents are attached to Sorenson's affidavit. The first document is a "total loss settlement" reciting that the "actual cash value" of the car was $9535.55, a sum that included $8900 as the "Base Price" of the car, plus small sums for "tax" and "fees." The second document is a one-page valuation report that purports to recite certain information from the "N.A.D.A.© Southwestern Values," recites a "Total Retail Value" for the car of $8900, and recites an "average book value" of $8900 as well. That report also contains this statement: "Mitchell International Corporation warrants that this valuation is an accurate representation of the N.A.D.A.© value guide." The third document is entitled "Final Settlement Statement." It reflects that the car was sold via internet bid for $1700, that State Farm's expenses in connection with the car were $397, and that its "net proceeds" after expenses were $1303. The remaining documents are a copy of the repair estimate, photographs of the car, and the receipt for the cost of the estimate.

Jury Question 3 asked the jury to determine "the difference in the market value in Dallas County, Texas, of the vehicle … immediately before and immediately after the occurrence in question." The jury was instructed that " 'Market value' means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required [to] buy, to a willing seller who desires to sell, but is under no necessity of selling." The jury answered $8230.55, and the trial court rendered judgment for State Farm in that amount.

### Pre-accident market value

Although Sorenson did not attest to the pre-accident market value of the car in his affidavit, two of the attachments to his affidavit support a specific pre-accident valuation of the car. The Total Loss Settlement reflects that the actual cash value of the car was $9535.55, including $8900 as the "base price" and $635.55 as "tax" and "fees." It also reflects that State Farm paid Goolsby $9283.55. The valuation report states that the total retail value of the car was $8900, as represented by the "N.A.D.A.© value guide."

Adams first argues that the Total Loss Settlement is no evidence of the pre-accident market value of the car because evidence of what a property insurer has paid its insured is not probative of the property's pre-accident market value. Even if this is a correct statement of the law, however, the Total Loss Settlement states not only what State Farm paid Goolsby on the claim but also the "actual cash value" of the car: $9535.55. Adams does not argue on appeal that *this* part of the Total Loss Settlement is not some evidence of the fair market value of the car before the accident. It is reasonable to infer that the author of the Total Loss Settlement had fair market conditions in mind when he opined as to the "actual cash value" of the car in the absence of any indication that he was considering some other special circumstances. *See Khorshid, Inc. v. Christian,* 257 S.W.3d 748, 761 (Tex.App.-Dallas 2008, no pet. h.) (testimony about how much a car was "worth" was some evidence of fair market value); *see also Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 232 S.W.3d 883, 893–94 (Tex.App.-Dallas 2007, pet. filed) (testimony about stock's "value" was some evidence of fair market value). The magic words "fair market value" are not re-

quired.[2] We conclude that the Total Loss Settlement constitutes some evidence that the fair market value of the car before the accident was $9535.55. Similarly, the valuation report contains statements that the "total retail value" of the car was $8900. We conclude that evidence of the car's "total retail value" constitutes some evidence that the car's pre-accident fair market value was $8900, there being no indication that the declarant was contemplating any special conditions of sale.

Adams next argues that if the attachments to the Sorenson affidavit do contain opinions establishing the pre-accident market value of the car, those opinions are incompetent under the rules governing expert testimony. He argues that those opinions are incompetent because they are not reliable and that they are not reliable because the declarants are unknown and thus cannot be qualified as experts. We conclude that he has not preserved this argument for appellate review. An objection to an expert's qualifications must be raised in the trial court in order to preserve error.[3] *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 890 & n. 1 (Tex.App.-Texarkana 2004, pet. denied); *see also Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 244 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.) ("[A] witness is presumed to be qualified to give his opinion, when the opinion is admitted without objection."). Moreover, the objection must be lodged when the evidence is offered and not at some later time. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 409 (Tex.1998) ("To preserve a complaint that scientific evidence is unreliable and thus, no evidence, a party must object to the evidence before trial or when the evidence is offered."); *Top Value Enters., Inc. v. Carlson Mktg. Group, Inc.*, 703 S.W.2d 806, 811 (Tex.App.-El Paso 1986, writ ref'd n.r.e.) (error waived when party did not object to answer when made but instead made motion for mistrial at next recess). Adams did not object when the Sorenson affidavit was offered and admitted, so no error is preserved.

Adams argues that he preserved error via a motion for instructed verdict during trial and a motion for judgment n.o.v. after trial. This argument is without merit. This is not a case in which the inadmissibility of the evidence became apparent only later, thereby warranting a relaxation of the contemporaneous-objection requirement. *Cf. Kerr–McGee Corp. v. Helton*, 133 S.W.3d 245, 252 (Tex.2004) (objection made after cross-examination revealed the basis for objecting was timely). The defect of which he complained was apparent on the face of the exhibit, so he could have objected when it was offered. Nor does our decision in *In re S.E.W.*, 168 S.W.3d 875 (Tex.App.-Dallas 2005, no pet.), cited by Adams, support his position. In that case we excused a party's failure to object because a co-party had made a valid objec-

---

**2.** Although Adams points out that the owner of the car, Goolsby, did not appear at trial or offer his opinion about the market value of the car, one need not be the owner of a car to offer an opinion as to its fair market value. "[A]ny layman who can testify that he knows the value of automobiles and can give satisfactory facts in support of the statement that he has such knowledge is qualified to testify." *Foxx v. DeRobbio*, 224 S.W.3d 263, 268 (Tex. App.-El Paso 2005, no pet.).

**3.** The supreme court has held that no objection to expert testimony is required to preserve error when a party's argument on appeal is that the expert's testimony is "conclusory or speculative and therefore nonprobative on its face." *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex.2004). Adams does not make this argument on appeal, however, so we do not consider it. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n. 5 (Tex.1989) (per curiam).

tion and was entitled to reversal and remand for a new trial. *Id.* at 886. In the interest of justice, we also reversed and remanded as to the party who had failed to object. *Id.* No similar circumstances are present in this case. Because Adams did not timely object to the attachments to the Sorenson affidavit based on the lack of qualifications of the declarants, he waived any complaint.

We conclude that the Total Loss Settlement and the valuation report attached to the Sorenson affidavit constitute some evidence of the pre-accident fair market value of the car.

### Post-accident market value

■■■■ As for post-market value, the record shows the car was "Sold Via Internet Bid" for $1700. It appears the sale was to an automobile dealership in Colorado on February 12, 2003. Nothing in the record indicates that State Farm was under any necessity to sell the car or that the purchaser was required to buy the car. Adams argues that the sale price of the vehicle should not be considered evidence of its market value. We disagree. "[W]hen commodities are sold as salvage, as in the case at bar, the amount for which the owner sold same is accepted as evidence of the value thereof." *Gulf, C. & S.F. Ry. Co. v. Hillis,* 320 S.W.2d 687, 691 (Tex.Civ.App.-Waco 1959, no writ). "Such actual sale is prima facie evidence of market value, unless there is something which indicates the sale is out of the ordinary in some way." *Id.; see also Flukinger v. Straughan,* 795 S.W.2d 779, 790 (Tex.App.-Houston [14th Dist.] 1990, writ denied) ("In most cases where personal property

valuations are involved, evidence of what an article or commodity actually sold for is some evidence of market value."). In this case, there is no evidence that the sale of the vehicle was a forced sale or was in any way out of the ordinary. We conclude the evidence of the $1700 sale price is some evidence of the post-accident value of the vehicle. We overrule Adams's second issue.[4]

### Other issues

■■■ In his third and fourth issues, Adams contends that the record contains no competent expert-opinion evidence of the value of the vehicle before and after the accident. We have already concluded that the attachments to the Sorenson affidavit contain some evidence to establish those facts and that Adams has waived his challenge to the qualifications of the declarants who supplied the evidence. We overrule Adams's third and fourth issues.

In his fifth issue, Adams contends the affidavits are not competent evidence because they were admitted under section 18.001 of the civil practice and remedies code but do not concern the cost and necessity of service. Section 18.001 permits a party to prove the cost, reasonableness, and necessity of a service by timely filing an affidavit in the correct form. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 18.001, .002 (Vernon 1997). Adams did not object to the admission of the affidavits. If Adams is correct that the affidavits did not qualify for admission under section 18.001, then the affidavits were arguably inadmissible hearsay. *See Hong v. Bennett,* 209 S.W.3d 795, 800 (Tex.App.-Fort Worth 2006, no pet.) (section 18.001 permits the use of

---

4. The difference between $9535.55 (or $8900) and $1700 is less than the amount awarded by the jury, but this discrepancy is a matter of factual sufficiency rather than legal sufficiency of the damages evidence. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Con-* *tractors, Inc.,* 960 S.W.2d 41, 51 (Tex.1998); *Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.,* 202 S.W.3d 250, 271–72 (Tex. App.-Corpus Christi 2006, pet, denied). Adams raises only a legal-sufficiency challenge in this appeal.

otherwise inadmissible hearsay). However-
er, "[i]nadmissible hearsay admitted with-
out objection shall not be denied probative
value merely because it is hearsay."
Tex.R. Evid. 802. Thus, any failure of the
affidavits to meet the requirements of sec-
tion 18.001 goes to the admissibility of the
affidavits, not their competence. We over-
rule Adams's fifth issue.

## CONCLUSION

State Farm's cause of action was not
barred by limitations, and the record con-
tains some evidence of the proper measure
of damages. We overrule all of Adams's
issues and affirm the trial court's judg-
ment.