# NO. 12-17-00156-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: TYSON FOODS, INC.* | § | |
| *AND JAMES C. FULLER,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

Tyson Foods, Inc. and James C. Fuller (collectively Relators) seek mandamus relief from the trial court's orders granting a motion to quash a trial subpoena, and granting Toni Crowley's motion for sanctions and motion to exclude testimony.[1]  We deny the writ.

## BACKGROUND

In January 2015, Crowley was involved in a motor vehicle collision with a vehicle owned by Tyson and driven by Fuller.  In her petition, Crowley alleges she was injured when two wheels came off Tyson's tractor-trailer and collided with her vehicle.

The court's discovery control plan set the deadline for the defense to identify experts as April 10, 2017, and challenges to expert testimony based on qualifications, relevance, or reliability were to be made no later than April 17.  Trial was scheduled to begin on May 22, with a pretrial hearing scheduled for May 17.

Before the pretrial hearing, Crowley filed a motion to exclude the testimony of Dr. MacMaster, Relators' retained orthopedic doctor.  Crowley alleged Relators failed to timely disclose some of MacMaster's opinions and asked the court to limit his testimony to those matters that were timely disclosed.  Along with their response, Relators filed a motion to strike Crowley's motion.

---

[1] Respondent is the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court of Shelby County, Texas.

Crowley also filed a motion for spoliation sanction, arguing that she is entitled to a jury instruction regarding spoliation due to Tyson's failure to preserve Fuller's pre-trip inspection report for the day of the accident. Relators responded and contended that no spoliation occurred and that a spoliation instruction is not a proper remedy.

Relators issued a trial subpoena to Crowley's treating chiropractor, Dr. Riley, requesting his appearance at trial on May 23, 2017. Dr. Riley filed a motion for protective order and to quash the subpoena. He contended that he should not be required to comply with the subpoena because of a prescheduled vacation.

At the pretrial hearing, the trial court denied Relators' motion to strike. The trial court also granted Crowley's motion to exclude and motion for spoliation sanction, as well as Dr. Riley's motion for protective order and to quash. Relators filed their petition for writ of mandamus and a motion for an emergency stay.

## AVAILABILITY OF MANDAMUS

Mandamus is an extraordinary remedy, only available where the party seeking mandamus relief has established both a clear abuse of discretion by the trial court and the lack of an adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## Spoliation Instruction

In their first issue, Relators contend the trial court abused its discretion when it granted Crowley's motion for spoliation sanction. Generally, orders imposing discovery sanctions, including spoliation instructions, are reviewable on appeal from the final judgment. TEX. R. CIV. P. 215.3; *see also* **Shupe v. Lingafelter**, 192 S.W.3d 577, 579 (Tex. 2006) (review of decision to submit or refuse a particular instruction on appeal is under abuse of discretion standard); **Wal–Mart Stores, Inc. v. Johnson**, 106 S.W.3d 718, 724 (Tex. 2003) (spoliation jury instruction imposed as discovery sanction reviewed on appeal). Relators have not established that remedy by appeal is inadequate to review the order relating to the spoliation instruction. A jury instruction on spoliation does not constitute a death penalty sanction because it only creates a rebuttable presumption regarding the pre-trip inspection report. *See* **In re Medtronic, Inc.**, No. 10-14-00077-CV, 2014 WL 2159555, at *5 (Tex. App.—Waco May 22, 2014, no pet.) (mem. op.). Accordingly, Relators have not carried their burden necessary to receive mandamus relief. *See*

2

*Walker*, 827 S.W.2d at 840 (party seeking mandamus relief must show a lack of adequate remedy by appeal).

## Exclusion of Testimony

In their third and fourth issues, Relators argue the trial court abused its discretion when it granted Crowley's motion to exclude and denied Relators' motion to strike. When a party fails to supplement a discovery response in a timely manner, the unsupplemented evidence may be excluded. TEX. R. CIV. P. 193.6(a); *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex. 1992). Exclusion is mandatory and automatic unless the court finds there was good cause for the failure to amend or supplement, or the failure will not unfairly surprise or prejudice the other party. TEX. R. CIV. P. 193.6(a); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297–98 (Tex. 1986); *Good v. Baker,* 339 S.W.3d 260, 271 (Tex. App.—Texarkana 2011, pet. denied). The party seeking to introduce the evidence has the burden of establishing good cause or lack of unfair surprise or prejudice. TEX. R. CIV. P. 193.6(b); *Baker,* 339 S.W.3d at 271. The trial court has discretion to determine whether the offering party has met its burden to show good cause or lack of unfair surprise or prejudice, and the record must support such finding. TEX. R. CIV. P. 193.6(b); *Baker,* 339 S.W.3d at 271.

Whether a trial court abused its discretion in excluding evidence because it was untimely disclosed is generally reviewable on appeal from the final judgment. *See Beinar v. Deegan*, 432 S.W.3d 398, 406 (Tex. App.—Dallas 2014, no pet.) (review of exclusion of untimely disclosed evidence following summary judgment); *Tranum v. Broadway*, 283 S.W.3d 403, 425-26 (Tex. App.—Waco 2008, pet. denied) (review of exclusion of expert testimony under Rule 193.6 reviewed on appeal). Relators have not demonstrated that they have an inadequate appellate remedy relating to the exclusion of Dr. MacMaster's testimony. Further, Relators have not shown that the limitation precludes the presentation of Relators' defense. *See In re First Transit Inc.*, 499 S.W.3d 584, 592 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (striking of defendant's only expert constituted death penalty sanction). Therefore, Relators again have not carried their burden necessary to receive mandamus relief. *See Walker*, 827 S.W.2d at 840.

## Motion to Quash

In their second issue, Relators contend the trial court abused its discretion in granting the motion to quash. The subpoena issued to Dr. Riley commanded him to appear at trial on May 23, 2017. The case did not go to trial that week because this court granted Relators' request for

emergency stay, staying all proceedings in the trial court. As a result, the subpoena issued by the trial court expired, and this issue is now moot. *See In re Smith*, No 01-06-00056-CR, 2006 WL 1350329, at *1 (Tex. App.—Houston [1st Dist.] May 16, 2006, orig. proceeding) (mem. op., not designated for publication) (when term of grand jury that had subpoenaed witness expired, mandamus proceeding was moot); *see also In re Barr*, 13 S.W.3d 525, 546 n.20 (Tex. Rev. Trib. 1998) (when case is continued, obligation under subpoena is terminated). If, at any stage of the legal proceedings, a judgment would have no practical legal effect on a then existing controversy, the case becomes moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Because this issue is now moot, we decline to address it.

## DISPOSITION

For the reasons discussed above, Relators have not shown their entitlement to mandamus relief. We ***deny*** their petition for writ of mandamus, and our stay of May 19, 2017 is ***lifted***.

GREG NEELEY
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-17-00156-CV**

**TYSON FOODS, INC. AND JAMES C. FULLER,**
Relators
V.

**HON. CHARLES R. MITCHELL,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Tyson Foods, Inc. and James C. Fuller; who are the relators in Cause No. 15CV33,123, pending on the docket of the 273rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on May 18, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

5