**Affirmed and Opinion Filed April 6, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00045-CV

### IRA W. BREWER, EUGENIA BREWER AND ALL OTHER OCCUPANTS OF 2 CANNONERO CIR, WYLIE, TX 75098, Appellants
### V.
### U.S. BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2, ITS SUCCESSORS AND/OR ASSIGNS, Appellee

### On Appeal from the County Court at Law No. 5
### Collin County, Texas
### Trial Court Cause No. 005-01529-2013

# MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

Appellants appeal a summary judgment rendered against them. They argue that appellee's evidence regarding one element of appellee's claim was inadmissible and thus there was no evidence supporting the appellee on that element. We affirm.

## I. BACKGROUND

This case began in justice court when appellee U.S. Bank filed an original petition for forcible detainer against appellants (collectively the "Brewers"). The Bank alleged that it bought the subject property at a foreclosure sale, the Brewers were occupying the property as tenants at sufferance, and the Bank was entitled to a judgment of possession. The justice court rendered

judgment for the Brewers, and the Bank appealed to the county court at law. The Bank then moved for summary judgment, seeking a decree that the Brewers were guilty of forcible detainer and that the Bank was entitled to possession of the property.

The Brewers filed a summary-judgment response in which they (i) objected to the Bank's evidence proving that notice to vacate was given and (ii) argued that the Bank had failed to prove its ownership of the note, its right to foreclose, or its ownership of the property. The trial judge signed a general order granting summary judgment for the Bank.

The Brewers timely appealed.

## II. ANALYSIS

The Brewers assert one issue on appeal, urging that the trial court should have sustained their objections to one of U.S. Bank's summary-judgment exhibits. This, they argue, would have left the Bank with no evidence of an essential element of its claim—that the statutorily required notice to vacate was given. We resolve the Brewers' issue against them for the following reasons.

First, we review the Bank's summary-judgment evidence of notice. As Exhibit C to its motion, the Bank attached:

- An affidavit by Arianna L. Black purporting to prove up five attached pages as business records;

- A two-page "Notice to Vacate and Demand for Possession" addressed to the Brewers at the property's address;

- A two-page "Exhibit A to Affidavit of Mailing" listing the Brewers and the property's address;

- A one-page "Affidavit of Mailing," executed by Clifton McBride, in which he testifies, "[A]t the request of TX Evictions on 11/28/2012, I deposited in the United States mail a copy of the attached document, in separate sealed envelopes, in accordance with the checked mailing classes defined below, postage prepaid, to the address list on exhibit A, attached hereto and made a part hereof." Below that paragraph, boxes labeled "First Class" and "Certified Return" are checked.

–2–

Thus, the McBride affidavit and its attachments independently proved that notice to vacate was sent to the Brewers at the property's address on November 28, 2012. The Black affidavit actually adds nothing to the Bank's proof of notice.

In the trial court, the Brewers objected to the Black affidavit on the ground that it was insufficient to prove up its attachments as business records and to the McBride affidavit on the ground that it was prepared in anticipation of litigation. But on appeal, the Brewers make no complaint about the McBride affidavit. Instead, they argue only that the Black affidavit was insufficient as a business-records affidavit and was prepared in anticipation of litigation. Based on this argument, they conclude that "there exists a complete lack of evidence of a vital fact, namely that Appellants were served proper notice of the eviction."

Because the Brewers have not raised any argument on appeal attacking the McBride affidavit, which independently proves that the required notice to vacate was given, any challenge to that affidavit has not been preserved. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (per curiam) (appellate court erred by reversing judgment based on arguments not raised by the appellant); *accord Adams v. State Farm Mut. Auto. Ins. Co.*, 264 S.W.3d 424, 429 n.3 (Tex. App.—Dallas 2008, pet. denied). In light of their issue on appeal, which attacks only the Black affidavit, we cannot agree with the Brewers that there is no evidence to support the notice element of the Bank's claim.

### III. DISPOSITION

For the foregoing reasons, we resolve the Brewers' sole issue against them and affirm the trial court's judgment.

140045F.P05

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IRA W. BREWER, EUGENIA BREWER, AND ALL OTHER OCCUPANTS OF 2 CANNONERO CIR, WYLIE, TX 75098, Appellants

No. 05-14-00045-CV     V.

U.S. BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2, ITS SUCCESSORS AND/OR ASSIGNS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-01529-2013.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee U.S. BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2, ITS SUCCESSORS AND/OR ASSIGNS recover its costs of this appeal and the accrued rent from appellants IRA W. BREWER, EUGENIA BREWER, AND ALL OTHER OCCUPANTS OF 2 CANNONERO CIR, WYLIE, TX 75098 and the cash deposit in lieu of supersedeas bond. After all costs and rent have been paid, we order the clerk to release the balance, if any, to appellants IRA W. BREWER, EUGENIA BREWER, AND ALL OTHER OCCUPANTS OF 2 CANNONERO CIR, WYLIE, TX 75098.

Judgment entered April 6, 2015.